# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE KINSER,<br><br>           Plaintiff,<br><br>     v.<br><br>COUNTY OF MADERA; COUNTY OF MADERA DEPARTMENT OF CORRECTIONS; JOSEPH SOLDANI; and DOES 1-100, inclusive,<br><br>           Defendants. | CASE NO.: 1:14-cv-1227 AWI-GSA<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE COMPLAINT WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## I.     INTRODUCTION

Plaintiff Michele Kinser ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint in this action alleging claims under 42 U.S.C. § 1983 as well as supplemental California law claims. Docs. 1, 4. Specifically, Plaintiff challenges the validity of her sentence in a criminal case in Madera County Superior Court. The Court has screened Plaintiff's complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e). For the reasons discussed below, the Court recommends that the complaint be dismissed in its entirety, without leave to amend.

## II.    SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e), the Court must conduct a preliminary review of Plaintiff's complaint to assess its legal sufficiency. The Court must dismiss a complaint or portion thereof if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2).  In order to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id*. at 678.

If the Court finds a complaint to be deficient, the Court may grant leave to amend to the extent the deficiencies are curable by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  Accordingly, *pro se* pleadings are construed liberally, with plaintiffs afforded the benefit of any doubt.  *Hebbe*, 627 F.3d at 342.

### III.   THE COMPLAINT'S FACTUAL ALLEGATIONS

Plaintiff's case arises from a criminal case against her in the Madera County Superior Court.  Plaintiff has named Madera County, the Madera County Department of Corrections, and Judge Joseph A. Soldani, who sentenced Plaintiff in the underlying criminal case, as defendants in this action, based on their alleged involvement in the criminal case.  *See* Doc. 1.

Plaintiff alleges that she executed a plea agreement in July 2009, which required her to plead guilty to a violation of Cal. Penal Code § 134 "in exchange for a prison term of 16 months."  Doc. 1, ¶ 13.  Plaintiff entered her plea on September 25, 2009, and was remanded to custody until October 5, 2009, when "she was approved for electronic monitoring" and released pending her sentencing.  Doc. 1, ¶ 15.  Plaintiff's sentencing was set for May 3, 2010; however, on April 21, 2010, Plaintiff was incarcerated in San Bernadino County in a related matter involving "the same victims and time frame."  Doc. 1, ¶ 16.  Upon conclusion of her sentence in San Bernadino County on October 17, 2011, Plaintiff was transferred to Madera County for sentencing in the underlying criminal matter.

Plaintiff's sentencing in the underlying matter took place on November 8, 2011 in Madera County Superior Court. Judge Soldani sentenced Plaintiff to 16 months' imprisonment pursuant to the terms of the plea agreement. Plaintiff alleges that her sentence violated the plea agreement because she was not given credit for the time she spent under electronic monitoring prior to her sentencing. Doc. 1, ¶ 17. Plaintiff alleges that neither her defense counsel nor the Court informed her "that she was subject to serving the entire 16-month sentence [specified in the plea agreement] in county jail." Doc. 1, ¶ 14. Rather, defense counsel advised her "that she would serve approximately 8 months on the electronic monitoring [sic]," and only if she was not approved for electronic monitoring, would she be required to serve the entire 16-month term in custody. Doc. 1, ¶ 13. Plaintiff contends that since she was approved for electronic monitoring, and indeed, spent time subject to electronic monitoring prior to her sentencing, she should be given credit for that time as contemplated by her plea agreement. Plaintiff contends that Judge Soldani erred in retroactively applying Cal. Penal Code § 1170(h)(5)(a) in denying her credit for time served under electronic monitoring. Doc. 1, ¶ 18.

Following her sentencing hearing, "Plaintiff was returned to custody to serve her term." Doc. 1, ¶ 20. However, two days later, on November 10, 2011, Plaintiff was released from custody. Doc. 1, ¶ 21. Plaintiff believed that she was given an early release; she returned home and found employment. Doc. 1 ¶¶ 21-22. She has been out of custody since then. Doc. 1 ¶ 22, 36.

While out of custody, on January 7, 2012, Plaintiff received an Order to Show Cause Re: Issuance of Bench Warrant "as the court was informed by the Madera County Department of Corrections that she was released early in error." Doc. 1, ¶ 23. Plaintiff filed a response to the Order to Show Cause, explaining that she was employed; she included a physician's note indicating that incarceration would be detrimental to her health. Doc. 1, ¶ 62. Although Plaintiff did not receive a response, Doc. 1, ¶ 63, in September 2013, she was informed by a local law enforcement officer that there was an outstanding warrant for her arrest for failure to appear in the Madera County criminal case. Doc. 1, ¶ 64. Plaintiff has since posted bond and remained out of custody. Doc. 1, ¶ 65. At the time of filing of the instant complaint, Plaintiff had obtained numerous continuances in the criminal matter. Doc. 1, ¶ 66.

3

Plaintiff alleges that her sentence in the criminal case breached the terms of her plea agreement. Doc. 1, ¶¶ 17, 33. She further alleges that the pending state proceedings to return her to custody violate the Eight Amendment's prohibition on cruel and unusual punishment and have caused her severe emotional distress. Doc. 1, ¶¶ 28, 52, 70-71. Plaintiff primarily seeks injunctive relief, including, inter alia, "an order enjoining Defendants from taking any further action towards remanding Plaintiff back into custody" in her criminal case Doc. 1, ¶ 73. Plaintiff also seeks actual and punitive damages. Doc. 1, ¶ 73. Concurrently with filing the instant complaint, Plaintiff filed an appeal in her criminal matter with the California Court of Appeals. Doc. 1, ¶ 73.

### IV.   PLAINTIFF'S COMPLAINT FAILS TO STATE A FEDERAL CLAIM

Plaintiff invokes federal-question jurisdiction on the basis of her First Cause of Action, which is brought pursuant to 42 U.S.C. § 1983. In this cause of action, Plaintiff asserts that the County of Madera and Judge Soldani violated her constitutional rights under the Eighth and Fourteenth Agreements. Specifically, she asserts that her sentence of sixteen months' imprisonment constitutes a breach of her plea agreement, which, in turn, violates her constitutional rights. However, under the holding of *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), Plaintiff is barred from bringing a civil suit pursuant to 42 U.S.C. § 1983 if judgment in favor of Plaintiff would necessarily imply the invalidity of her conviction or sentence, unless Plaintiff demonstrates that the conviction or sentence has already been invalidated. Since Plaintiff's direct appeal is still pending in the California Court of Appeal and Plaintiff has not demonstrated the invalidity of her conviction and/or sentence by issuance of a writ of habeas corpus, Plaintiff's First Cause of Action—her only federal claim—is barred by *Heck*. Therefore, as discussed in more detail below, the undersigned recommends that Plaintiff's § 1983 claim be dismissed without leave to amend.

   A. Plaintiff's 42 U.S.C. § 1983 Action is Barred by the *Heck* Doctrine

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff may not recover damages under 42 U.S.C. § 1983 for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless she first proved that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The *Heck* bar was again addressed by the Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). The Court reiterated that a § 1983 action was not cognizable if success in the action would necessarily demonstrate the invalidity of an outstanding criminal judgment, conviction or sentence. *Wilkinson*, 544 U.S. at 81-82. *Wilkinson* further clarified that although *Heck* dealt with a § 1983 suit for damages, the *Heck* bar applies to § 1983 actions "no matter the relief sought (damages or equitable relief)…*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* (emphasis in original).

Here Plaintiff alleges that her sentence of sixteen months' imprisonment is invalid because it breaches her plea agreement. Doc. 1, ¶¶ 17, 24, 26, 33, 38. In seeking an order enforcing the "original benefit" of her plea agreement and enjoining further proceedings to return her to custody to serve out her term, Plaintiff seeks injunctive relief that would necessarily imply the invalidity of her sentence. Doc. 1, ¶¶ 41, 73. Furthermore, Plaintiff challenges the validity of her conviction as well, because she alleges that, but for her stated understanding of her plea agreement, she would not have entered into the agreement or pleaded guilty in reliance on it. Doc. 1, ¶¶ 41, 73. Thus, because success in the instant action would necessarily imply the invalidity of  Plaintiff's conviction and/or sentence in the underlying criminal matter, Plaintiff's § 1983 claim is barred by *Heck* until such time as she can demonstrate that her conviction and/or sentence have been overturned. *Heck* and *Wilkinson* further suggest that Plaintiff's remedy may lie in habeas corpus, which is the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)); *Preiser*, 411 U.S. at 487 (a demand for a shorter period of detention lies at "the core of habeas corpus"); *see also Belgarde v. State of Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997) (custody requirement for habeas corpus met where a person is released pending the execution of his sentence); accord *Dow v. Circuit Court of First Circuit Through Huddy*, 995 F.2d 922, 923 (9th Cir. 1993).

In sum, because Plaintiff's direct appeal from her conviction and sentence is currently

1  pending before the California Court of Appeal and Plaintiff has not demonstrated the invalidity of
2  her conviction and/or sentence by issuance of a writ of habeas corpus, Plaintiff's § 1983 claim is
3  barred by *Heck* and must be dismissed. Doc. 1, ¶ 73. In light of the applicability of the *Heck* bar,
4  leave to amend the claim would be futile. Thus, the undersigned recommends that Plaintiff's §
5  1983 claim be dismissed without leave to amend. *McQuillion v. Schwarzenegger*, 369 F.3d 1091,
6  1099 (9th Cir. 2004) (affirming dismissal of 42 U.S.C. § 1983 complaint without leave to amend
7  where amendment would have been futile on account to the application of the *Heck* bar). It is
8  further recommended that Plaintiff's § 1983 claim be dismissed without prejudice to a potential
9  habeas or § 1983 claim were either claim to be brought at an appropriate juncture in the future. *See*
10 *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (affirming the dismissal, without
11 prejudice, of a 42 U.S.C. § 1983 claim, so as to avoid prejudice to a potential habeas claim).

### V.   CALIFORNIA CAUSES OF ACTION

Plaintiff also asserts several causes of action arising under California law. However, since Plaintiff has not stated a claim under federal law, the undersigned recommends, for the reasons discussed below, that the Court decline to exercise pendent jurisdiction over Plaintiff's remaining state-law claims.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). District courts thus have original jurisdiction over civil actions arising under federal law, but may exercise supplemental jurisdiction over related state-law claims that form part of the same case or controversy. 28 U.S.C. §§ 1331, 1367(a). A district court retains the discretion to decline to exercise supplemental jurisdiction over state-law claims when all claims within its original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). In general, if "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, n.7 (1988). When a court determines that the exercise of supplemental

jurisdiction is not appropriate, it may dismiss or remand the pendent state-law claims. *Id*. at 351-52.

In light of the early stage of this litigation, declining to exercise pendent jurisdiction over Plaintiff's state-law claims would be entirely appropriate were the Court to dismiss the only federal cause of action asserted by the Plaintiff, as recommended above. Therefore, the undersigned recommends that the Court decline to exercise pendent jurisdiction over Plaintiff's state-law claims and dismiss Plaintiff's complaint in its entirety.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that Plaintiff's complaint be DISMISSED in its entirety, without prejudice and without leave to amend.

These findings and recommendations are submitted to the District Court Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1)(B). Within **thirty (30) days** after the date of issuance of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __January 5, 2015__       /s/ Gary S. Austin
                         UNITED STATES MAGISTRATE JUDGE